UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
----------------------------------------------------------------X    Chapter 13

IN RE:

                CASE NO.: 1-19-42262-nhl

PIARA KHATON BHUIYAN

                Judge: Hon. Nancy H. Lord

         Debtor.


----------------------------------------------------------------X

WILMINGTON PT CORPORATION,     Adversary Proc

         Plaintiff,    CASE NO.:


      -against-


WELLS FARGO BANK, N.A., AS TRUSTEE FOR
MERRILL LYNCH MORTGAGE INVESTORS
TRUST SERIES 2005-WMC2; NATIONSTAR
MORTGAGE LLC.

         Defendant.


----------------------------------------------------------------X

## COMPLAINT

   Wilmington PT Corporation ("Wilmington" or "Plaintiff"), as Plaintiff herein, complains

of Defendants Wells Fargo Bank, N.A. as Trustee For Merrill Lynch Mortgage Investors Trust

Series 2005-WMC2 ("WFBNA") and Nationstar Mortgage, LLC ("Nationstar") (WFBNA and

Nationstar shall be collectively referred to as the "Defendants") as follows:

### <u>JURISDICTION AND VENUE</u>

   1.   This action is brought pursuant to sections 105(a), 502, 506 of title 11, United States

Code (the "Bankruptcy Code") and under Rules 3007, 3012, 7001(2) and (9) and 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.	This Court has jurisdiction over this action under 28 U.S.C. sections 157 and 1334 and the standing order of the United States District Court for the Eastern District of New York, referring all bankruptcy cases filed herein and all matters arising in and under said cases and related thereto the Bankruptcy Judges of this District, as the action arises in and under and/or relates to the instant Chapter 13 bankruptcy case of the Debtor.

3.	This action is a proceeding arising under the Bankruptcy Code and arises in and is related to a case under the Bankruptcy Code as contemplated under 28 U.S.C. section 157(b)(1).

4.	This action is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A), (B), (K) and (O).

## GENERAL ALLEGATIONS

5.	On March 16, 2006, debtor Piara Khaton Bhuiyan ("Bhuiyan" or the "Debtor") executed a mortgage (the "Wilmington Mortgage") in favor of National City Bank (the "Lender"), encumbering the property located at 10424 169th Street, Jamaica, NY 11433 (the "Property").

6.	On May 2, 2006, the Wilmington Mortgage was recorded in the Office of the City Register For The City of New York under CRFN 2006000242458. A true and correct copy of the recorded Wilmington Mortgage is annexed hereto as **Exhibit A**.

7.	The Wilmington Mortgage secures a promissory note (the "Wilmington Note") in the original principal amount of One Hundred Forty Six Thousand Dollars and Zero Cents ($146,000.00), executed by Bhuiyan on March 16, 2006, and delivered to the Lender. A true and correct copy of the endorsed Wilmington Note is annexed hereto as **Exhibit B**.

8.	The Wilmington Mortgage and Note were assigned through Assignments of Mortgage and endorsements upon the promissory Note to Wilmington. The endorsed Wilmington

Note was physically delivered to Wilmington. The Assignments of Mortgage are collectively annexed hereto as **Exhibit C**.

9.      The Debtor also executed a mortgage (the "WFBNA Mortgage") in favor of Griffin Mortgage Corporation. A copy of the WFBNA Proof of Claim is annexed hereto as **Exhibit D**. The WFBNA Mortgage was allegedly subsequently assigned to WFBNA. See id.

10.     Without consent of Wilmington, or its predecessors in interest, WFBNA and its servicer Nationstar entered into a Loan Modification Agreement (the "Modification"). A copy of the Modification is within the Proof of Claim. See **Exhibit D**. The Modification added $297,593.51 of "New Money" to the WFBNA Mortgage obligation without the consent of Wilmington. See id.

11.     On April 15, 2019 the Debtor commenced the instant bankruptcy case (the "Case") by filing a voluntary petition for relief pursuant to Chapter 13, Title 11 of the United States Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

12.     Plaintiff now files this action seeking to recover under unjust enrichment and seeking a declaratory judgment that the Wilmington Mortgage has priority over the WFBNA Mortgage.

## CAUSES OF ACTION

### UNJUST ENRICHMENT

13.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "12" of the Complaint with the same force and effect as if more specifically set forth herein.

14.     Upon information and belief, Debtor defaulted on the WFBNA Mortgage and a loan modification was offered and accepted by the Debtor. See **Exhibit D**, Loan Modification.

15.    Upon information and belief, the Modification increased the principal balance secured by the WFBNA Mortgage and gave WFBNA the opportunity to secure more money than it had prior to the Modification. See id.

16.    Upon information and belief, over the life of the WFBNA Loan, the Modification will allow it to recover more than it would have under the original terms of WFBNA Mortgage.

17.    The Modification also gave WFBNA a greater security interest to the Property than what it originally had under the WFBNA Mortgage.

18.    This greater security interest in the Property that WFBNA obtained through the Modification was to the detriment of the Plaintiff.

19.    The Modification eliminated equity from the Property, reducing Plaintiff's ability to recover the amounts due under the Wilmington Mortgage and Note.

20.    Since WFBNA eliminated the equity from the Property, it has been unjustly enriched.

21.    WFBNA by failing to bring its own foreclosure action expeditiously, created an unjustifiable impairment of collateral, thereby materially prejudicing the interests of Plaintiff.

22.    Defendants are being unjustly enriched under the terms of the Modification. Plaintiff should be declared a secured lien against the Property with priority over the Modification and the amounts due under it.

**DECLARATORY JUDGMENT FOR
SUBORDINATION OF BANA/DBNTC MORTGAGE**

23.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "22" of the Complaint with the same force and effect as if more specifically set forth herein.

24. Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dept. 1996) (*citing, Shultis v. Woodstock Land Dev. Assocs.*, 188 A.D.2d 234, 236-237, 594 NYS 890 (3d Dept. 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 A.D 315, 321, 276 NYS 586 (1st Dept. 1934)); *see also, In re Whi*te, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (*internal citations omitted*) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

25. The Modification created a substantial, material and adverse impairment of the Wilmington Note and Wilmington Mortgage.

26. The Modification was entered into after the Wilmington Note was delivered by the Debtor to Plaintiff's Lender and after the Wilmington Mortgage was recorded.

27. Plaintiff received no written notice or other advisement of the Modification in violation of New York law.

28. Plaintiff never consented to the Modification.

29. The actual, substantial and adverse impact on the Wilmington Mortgage has caused a changed circumstance between the WFBNA Mortgage and the Wilmington Mortgage that requires the WFBNA Mortgage to become subordinate to the Wilmington Mortgage.

30. Therefore, New York law renders the WFBNA wholly subordinate to the Wilmington Mortgage, and the Wilmington Mortgage becomes the first position mortgage against the Property.

## DECLARATORY JUDGMENT FOR
## PARTIAL SUBORDINATION OF U.S. BANK MORTGAGE

31.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "30" of the Complaint with the same force and effect as if more specifically set forth herein.

32.     If it is determined that the unpaid principal balance under the Modification is greater than the unpaid principal balance under the WFBNA Mortgage, then the difference between the Modification and WFBNA Mortgage must be made subordinate to the Wilmington Mortgage.

33.     The priorities of the WFBNA Mortgage, as bifurcated and the Wilmington Mortgage would be: (a) WFBNA Mortgage; (b) Wilmington Mortgage; and (c) the amount which equals the Modification principal balance minus the original principal balance of the WFBNA Mortgage.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against WFBNA and Nationstar as follows:

1.  On the First Cause of Action, for unjust enrichment;

2.  On the Second Cause of Action, subordinating in full the WFBNA Mortgage to the Wilmington Mortgage;

3.  On the Third Cause of Action, subordinating part of the WFBNA Mortgage in an amount to be determined of the WFBNA Mortgage to the Wilmington Mortgage;

4.  That Plaintiff be awarded Attorneys' Fees, Costs and Disbursements for this Action; and

5.  Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
       July 26, 2019

                                   **HASBANI & LIGHT, P.C.**

                                   */s/ Seth D. Weinberg*
                                   Seth D. Weinberg, Esq.
                                   *Counsel for Plaintiff*
                                   450 Seventh Avenue, Ste 1408
                                   New York, NY 10123
                                   212.643.6677
                                   sweinberg@hasbanilight.com