UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

PIARA KHATON BHUIYAN,

                Debtor.

Case No. 19-42262 (nhl)
Chapter 13

----------------------------------------------------------------X
WILMINGTON PT CORPORATION,

                Plaintiff,

-against-

WELLS FARGO BANK, N.A., AS TRUSTEE
FOR MERRILL LYNCH MORTGAGE
INVESTORS TRUST SERIES 2005-WMC2;
NATIONSTAR MORTGAGE LLC,

                Defendant.
----------------------------------------------------------------X

Adv. Pro. No. 19-01101 (nhl)

**ANSWER**

    Defendants WELLS FARGO BANK, N.A., AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST SERIES 2005-WMC2 and NATIONSTAR MORTGAGE LLC ("Defendants") by and through their attorneys Gross Polowy, LLC, hereby answer the Adversary Complaint ("Complaint") as follows:

## JURISDICTION AND VENUE

    1.    The allegation contained in paragraph 1 of the Complaint is a legal conclusion to which no response is required.

    2.    The allegation contained in paragraph 2 of the Complaint is a legal conclusion to which no response is required.

    3.    The allegation contained in paragraph 3 of the Complaint is a legal conclusion to which no response is required.

4.      The allegation contained in paragraph 4 of the Complaint is a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

5.      Defendants admit the allegation contained in paragraph 5 of the Complaint.

6.      Defendants admit the allegation contained in paragraph 6 of the Complaint.

7.      Defendants admit the allegation contained in paragraph 7 of the Complaint.

8.      Defendants admit the allegation contained in paragraph 8 of the Complaint.

9.      Defendants admit the allegation contained in paragraph 9 of the Complaint.

10.      Defendants lack information sufficient to form a belief as to the allegation contained in paragraph 10 of the Complaint with regard to consent given, but admits that the Modification was entered into by Defendants.

11.      Defendants admit the allegation contained in paragraph 11 of the Complaint.

12.      The allegation contained in paragraph 12 of the Complaint is a legal conclusion to which no response is required.

## CAUSES OF ACTION

## UNJUST ENRICHMENT

13.      The allegation contained in paragraph 13 of the Complaint does not require a response.

14.      Defendants admit the allegation contained in paragraph 14 of the Complaint.

15. The allegation contained in paragraph 15 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, the Modification speaks for itself

16. The allegation contained in paragraph 16 of the Complaint is a legal conclusion to which no response is required.

17. The allegation contained in paragraph 17 of the Complaint is a legal conclusion to which no response is required.

18. The allegation contained in paragraph 18 of the Complaint is a legal conclusion to which no response is required.

19. The allegation contained in paragraph 19 of the Complaint is a legal conclusion to which no response is required.

20. The allegation contained in paragraph 20 of the Complaint is a legal conclusion to which no response is required.

21. The allegation contained in paragraph 21 of the Complaint is a legal conclusion to which no response is required.

22. The allegation contained in paragraph 22 of the Complaint is a legal conclusion to which no response is required.

**DECLARATORY JUDGMENT FOR**
**SUBORDINATION OF BANA/DBNTC MORTGAGE**

23. The allegation contained in paragraph 23 of the Complaint does not require a response.

24. The allegation contained in paragraph 24 of the Complaint is a legal conclusion to which no response is required.

25. Defendants deny the allegation contained in paragraph 25 of the Complaint.

26. Defendants admit to the allegation contained in paragraph 26 of the Complaint.

27. Defendants lack information sufficient to form a belief as to the allegation contained in paragraph 27 of the Complaint.

28. Defendants lack information sufficient to form a belief as to the allegation contained in paragraph 28 of the Complaint.

29. The allegation contained in paragraph 29 of the Complaint is a legal conclusion to which no response is required.

30. The allegation contained in paragraph 30 of the Complaint is a legal conclusion to which no response is required.

## DECLARATORY JUDGMENT FOR PARTIAL SUBORDINATION OF U.S. BANK MORTGAGE

31. The allegation contained in paragraph 31 of the Complaint does not require a response.

32. The allegation contained in paragraph 32 of the Complaint is a legal conclusion to which no response is required.

33. The allegation contained in paragraph 33 of the Complaint is a legal conclusion to which no response is required.

### AS FOR A FIRST AFFIRMATIVE DEFENSE

34. Upon information and belief, the Modification referenced in the Complaint did not substantially impair Plaintiff's security interest or effectively destroy its equity.

35. Solely as a result of the foregoing, the Complaint must be dismissed.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

36. Upon information and belief, no action by either Defendants caused prejudice to Plaintiff.

37. Solely as a result of the foregoing, the Complaint must be dismissed.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

38. Defendants allege that the Plaintiff's claims are barred by documentary evidence.

39. Solely as a result of the foregoing, the Complaint must be dismissed.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

40. Defendants allege that Plaintiff's claims are barred because recovery for Plaintiff would result in unjust enrichment.

41. Solely as a result of the foregoing, the Complaint must be dismissed.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

42. Defendant reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

**WHEREFORE**, Defendants demands judgment as follows:

A. Dismissing the Complaint with prejudice;

B. Awarding Defendants costs, attorney's fees and disbursements;

C. Granting such other and further relief as the Court may deem equitable, just, and proper.

Dated: October 4, 2019
      Westbury, New York         /s/ Nicole M. Black
                                      Nicole M. Black, Esq.
                                      Gross Polowy LLC
                                      *Attorneys for Defendants*
                                      900 Merchants Concourse, Suite 201
                                      Westbury, New York 11590
                                      (716) 204-1756

To:    Seth D. Weinberg, Esq.
        Hasbani & Light, P.C.
        *Attorneys for Plaintiff*
        450 Seventh Avenue, Suite 1408
        New York, New York 10123